FILED

IN THE UNITED STATES DISTRICT COURT
IN THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

IRONWORKERS LOCAL 808; IRONWORKERS LOCAL
UNION 808 PENSION FUND, IRONWORKERS LOCAL
UNION 808 ANNUITY FUND; IRONWORKERS LOCAL
UNION 808 APPRENTICESHIP FUND; and RICARDO
CANTU, WADE IVEY, PAUL METTE, WES KENDRICK,
GREG HOLMES and MICHAEL HALE, as Trustees
of the LOCAL 808 FUNDS, and the SOUTHEASTERN
IRONWORKERS HEALTH CARE PLAN and JODY CREWS,
JIMBO BOYKIN, H. PRESTON TAYLOR, ALEXANDER
BERGEL; PAUL METTE; LESTER HENSLEY, JACK JARRELL,
WILLIAM MCMILLIAN, ROBERT DUFFIELD, YOSVANY
TORRES, WILLIAM BRADLEY and WES KENDRICK as
Trustees of the Health Care Plan.

    Plaintiffs,

Case No. 6:18-cv-809-Orl-41TBS

vs.

CONCRETE ERECTORS, INC.,

    Defendant.

_____/

## COMPLAINT

PLAINTIFFS, by and through their undersigned attorneys, sue the DEFENDANT, and allege as follows:

### COMMON PARAGRAPHS

1. This action is initiated pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974, 29 USC §1132 and 1145 (hereinafter referred to as "ERISA"), and Section 301 of the National Labor Relations Act. 29 USC §185 (hereinafter referred to as the "ACT"). Jurisdiction and venue are conferred upon this Court by 29 USC §1132(e) and (f) and 29 USC §185(a) and (f).

2.  PLAINTIFF, SOUTHEASTERN IRONWORKERS HEALTH & WELFARE FUND (hereinafter referred to as "Health & Welfare Fund"), is an employee health and welfare benefit plan within the meaning of ERISA, 29 USC §1002(1). IRONWORKERS LOCAL UNION NO. 808 PENSION FUND (hereinafter referred to as "Pension Fund"), is an employee pension benefit plan within the meaning of ERISA, 29 USC §1002(2). The IRONWORKERS LOCAL UNION NO. 808 APPRENTICESHIP FUND (hereinafter referred to as "Apprenticeship Fund") is an employee apprenticeship benefit plan within the meaning of ERISA, 29 USC §1002(1)(A). IRONWORKERS LOCAL UNION NO. 808 ANNUITY FUND (hereinafter referred to as "Annuity Fund") is an employee annuity benefit plan within the meaning of ERISA, 29 USC §1002(l)(A). The Pension Fund, the Annuity Fund and the Apprenticeship Fund (hereinafter collectively referred to as the "LOCAL 808 TRUST FUNDS") are employee benefit plans within the meaning of ERISA, 29 USC §1002(3) and are administered in Orlando, Florida.

The Health &Welfare Fund (hereinafter collectively referred to, together with the LOCAL 808 TRUST FUND, as the "TRUST FUNDS") is an employee benefit plan within the meaning of ERISA, 29 USC §1002(3) and is administered in Atlanta, Georgia. The TRUST FUNDS were created pursuant to the provisions of §302(c) of the Labor Management Relations Act, 29 USC §186(c), and are authorized to sue in their own names by ERISA.29 USC §1132(d)(l). The TRUST FUNDS bring the instant suit, as expressly contemplated by ERISA, to enforce the terms of the Trust Agreements and ERISA, The TRUST FUNDS, by instituting this claim, have assumed and are suing in a fiduciary capacity and have standing to file suit in the district courts of the United States by virtue of 29 USC §1132(e)(l).

3.  PLAINTIFFS, WADE A. IVEY, GREGORY HOLMES, RICARDO CANTU,

2

WES KENDRICK, PAUL METTE and GREG HOLMES, at all times material hereto were TRUSTEES of the LOCAL 808 TRUST FUNDS; (hereinafter all are collectively referred to as "TRUSTEES"). Pursuant to the terms of the Trust Agreements for the TRUST FUNDS, the TRUSTEES are expressly authorized to commence and process lawsuits to collect employee fringe benefits due and owing thereunder by the employer. As TRUSTEES, they are designated by 29 USC §1002(14) as fiduciaries and, in accordance with 29 USC §1132(a)(3) and (e)(l), may bring suit in their fiduciary capacities in the district courts of the United States to enforce the terms of the plans, as those terms are defined within 29 USC §1002.

4. PLAINTIFF, IRONWORKERS LOCAL UNION NO. 808 (hereinafter referred to as "UNION"), is and was at all times material hereto an "employee organization" within the meaning of ERISA, 29 USC §1002(4), and "labor organization" within the meaning of Section 2(5) of the ACT, 29 USC §152(5). Its principal place of business is located at 200 West Landstreet Road, Orlando, Florida 32824. It is authorized to sue in its own name by §301(b) of the ACT, 29 USC §185(b), and represents employees in the construction industry, an industry or activity affecting commerce within the meaning of ERISA, 29 USC §1002(11) and (12), and an industry affecting commerce, within the meaning of Section 2(6) and (7) of the ACT, 29 USC § 152(6) and (7).

5. The DEFENDANT, CONCRETE ERECTORS, INC., at all times material, was a Florida corporation and engaged in, licensed to and/or doing business as an ironworker contractor in and about the Central Florida area. As such, at all times material, CONCRETE ERECTORS, INC. was an employer within the meaning of ERISA, 29 USC §1002(5), and Section 2(2) of the ACT, 29 USC §152(2), with its principal place of business located in Longwood, Florida, whose

activities affect commerce within the meaning of ERISA, 29 USC §1002(11) and (12), and Sections 2(6) and (7) of the ACT, 29 USC §152(6) and (7).

6. The PLAINTIFFS have reasonably been required to spend sums of money in an effort to remedy DEFENDANT'S breach of the AGREEMENTS and have incurred attorney's fees and legal costs in such collection process, which fees and costs are recoverable pursuant to §502(g), 515 and 3(5) of ERISA, and 29 USC §§1132(g), 1145 and 1002(5).

## COUNT 1

### TRUSTEES AND EMPLOYEE BENEFIT PLAN CLAIM FOR UNPAID CONTRIBUTIONS (CURRENT AND FUTURE), LIEQUIDAED DAMAGES, INTEREST AND ATTORNEY'S FEES UNDER ERISA §502 AND §515.

PLAINTIFFS reallege each allegation set forth in paragraphs one (1) through six (6) above, and further allege as follows:

7. The DEFENDANT, and at all times material, requested referrals from the union hiring hall and hired ironworkers represented by the UNION pursuant to the terms of one or more collective bargaining agreements, and agreed to make payment of employee benefits to the TRUST FUNDS in accordance with the terms of the Trust Agreements and other written instruments establishing and governing such TRUST FUNDS (hereinafter referred to as the "AGREEMENTS"). DEFENDANT agreed to tender employee fringe benefit contributions and related dues and assessments (hereinafter collectively referred to as "CONTRIBUTIONS") to the PLAINTIFFS for all hours worked and/or gross wages earned by its covered employees, monthly, for all months for which employees represented by the UNION performed work.

8. Pursuant to the AGREEMENTS, DEFENDANT was required to remit timely the CONTRIBUTIONS, interest and penalties thereon, and collection costs and attorney's fees to

4

PLAINTIFFS. Since on or about September 2014 through this date, the DEFENDANT has failed and/or refused to abide by the terms and conditions of the AGREEMENTS, particularly those provisions, which required the payment of the CONTRIBUTIONS, referred to in paragraph eight (8), above.

9. The PLAINTIFFS repeatedly have attempted, without success, to persuade the DEFENDANT to refrain from their breach of the AGREEMENTS, to honor the current outstanding and delinquent financial obligations, and in all respects to honor the terms of the AGREEMENTS, but the DEFENDANT has violated and continues to violate provisions of the AGREEMENTS, including, but not limited to, failing to tender the monthly CONTRIBUTIONS to the TRUST FUNDS, entitling PLAINTIFFS to all remedies available in the AGREEMENTS and §502 and 515 of ERISA, 29 USC §1132 and 1145.

WHEREFORE, the PLAINTIFFS demand entry of judgment in their favor and against the DEFENDANT as follows:

A. The Court award damages to the PLAINTIFFS in the amounts found due and owing as a result of the DEFENDANT'S breach of the AGREEMENTS and the provisions of ERISA, plus prejudgment contractual interest and statutory penalties accrued thereon totaling up to twenty (20) percent per year on all such unpaid contributions;

B. The Court award the costs of this action, including a reasonable attorney's fee, to the PLAINTIFFS; and

C. That the Court grant such other and further relief as it deems just and proper.

## COUNT II

### UNION CLAIM FOR UNPAID DUES CHECKOFF PAYMENTS WITHHELD FROM WAGES OF EMPLOYEES

Plaintiff, Ironworkers Local 808 ("The Union") sues Defendant, Concrete Erectors, Inc. and alleges:

10. Plaintiff realleges and adopts by reference the allegations in paragraph 1-6 and 7-9.

11. The Defendant, Concrete Erectors, Inc., has withheld dues check-off payments from the wages of its employees but has failed and refused to remit such contributions in a timely manner to the Union in accordance with the collective bargaining agreement.

12. The Union is entitled to a judgment for the unpaid dues check-off payments.

_____
Tobe Lev, Esquire
FL Bar No. 226475
EGAN, LEV & SIWICA, P.A.
Post Office Box 2231
Orlando, FL 32801
Telephone: 407-422-1400
Facsimile: 407-422-3658
Email: tlev@eganlev.com
       crojas@eganlev.com